## SAMUEL CURTIS *vs.* EASTERN RAILROAD COMPANY.

If, without necessity, the water from springs opened by a railroad company in building their road is collected and conducted by them in an artificial trench to a point from which it is discharged upon land of another outside of their location, they are liable in tort therefor, although it reaches such land by trickling from the trench through the soil of the embankment of their road and mingled with surface drainage.

TORT for discharging water upon the plaintiff's land. At the new trial in the superior court, before *Devens*, J., after the decision reported 14 Allen, 55, the plaintiff's evidence tended to show that he owned a lot of land in Gloucester, outside of the defendants' location and bounded southerly on their railroad

Curtis *v* Eastern Railroad Company.

for several hundred yards, sloping so that while at the western end of this boundary the road bed was upon an embankment forty feet high, it was at the eastern end in a deep cut; that in building the railroad in 1846 natural springs were opened in this cut, and in 1860 the trenches on each side of the track in the cut were enlarged, and all the water was conducted into one trench on the northern side of the track, which trench extended beyond the cut to the embankment, and discharged the water upon the plaintiff's land through a hole in the bank wall; that in 1863, in consequence of his complaints, but not with his assent, the defendants closed this hole and extended the trench for a considerable distance along the top of the embankment, until, at a point where the road bed was four or five feet higher than the adjoining land of the plaintiff, the line of which was six or eight feet distant, they cut an outlet in the trench, and discharged the water upon the plaintiff's land through this outlet. It was only for these acts of the defendants done since 1860 that the plaintiff claimed to recover in this action.

But the defendants contended, and there was other evidence tending to show, that they made no such outlet as above described; and that, except possibly in an exceptional instance when the trench along the top of the embankment had been filled by a sudden and heavy rain, no water from it reached the plaintiff's land except by trickling through the soil of the embankment. The judge, however, ruled that if, by the acts of the defendants done since 1860, the water from the cut had been led along the track in an artificial trench, and then had reached the plaintiff's land in either mode, the defendants would be liable, unless they should justify their acts on the ground of necessity; and, concerning what would constitute necessity, he gave instructions to the jury to which no exceptions were taken.

The defendants further asked the judge to rule that they would not be liable, if the jury should be satisfied that the only water which reached the plaintiff's land was not exclusively the spring water from the cut, but was such spring water swollen by the drainage of the cut and the adjacent land, caused by rain or melting snow. But the judge declined so to rule, and instructed

the jury " that if, by means of this trench, the water from the springs uncovered by the defendants in constructing their road, with surface drainage added thereto, was conducted so as to be flowed upon the plaintiff's land, the defendants would nevertheless be liable, even if such flowage was occasioned only when the springs were themselves swollen by rains or melting snows, and the surface drainage increased by the same causes was added thereto; and that it was not necessary that the plaintiff should show that the water thrown upon his land was caused by the water from the springs only."

The jury returned a verdict for the plaintiff: and the defendants alleged exceptions.

*S. B. Ives, Jr.,* (*J. H. Ellis* with him,) for the defendants.

*B. H. Smith,* for the plaintiff.

Hoar, J.    The rule which should govern the rights of the parties to this suit was stated in the opinion given upon the exceptions taken by the plaintiff which were argued at the last term, and appears to have been carefully followed by the court upon the new trial.

If the defendants conducted the water in an artificial channel to the plaintiff's land, and there discharged it upon it, they would be liable in an action at common law for the injury it occasioned, unless they could justify the act on the ground of necessity, under the authority conferred by their charter.    The latter ground of defence has been submitted to the jury, upon instructions to which no exception was taken, and a verdict found for the plaintiff.

But two points remain to be considered : first, whether it makes any difference in the plaintiff's rights, if it was shown that the water in the trench was not discharged upon his land in a stream from the outlet, but was poured through the loose earth and stones of the railroad embankment ?    We think it very clear that it does not.    The cause of action is the collecting water in the trench, and conducting it where it would not naturally have gone, and there wetting the plaintiff's land by means of it.

The second point taken by the defendants, — that, if no water

came upon the plaintiff's land exclusively from the spring water in the cut, but only when the spring water was swollen by the drainage of the cut and the adjacent land, caused by rain or melting snow, they would not be liable, — is equally untenable. It did not appear that the rain or other surface water would have come from the cut upon the plaintiff's land, at or near the place at which it was discharged by means of the trench, if the trench had not been made and fitted to conduct it. But the defendants had no more right to collect the surface water in an artificial channel, and conduct it thereby to the plaintiff's land, and there discharge it to his injury, than they had to dispose of the water from the springs in the same manner. Washburn on Easements, 353. *White* v. *Chapin,* 12 Allen, 516.

The defendants have therefore no just ground of exception to the rulings upon which the verdict against them was rendered. *Exceptions overruled.*