MARTIN BATES *vs.* NATHANIEL SMITH & others.

A landowner may lawfully build on his land without regard to the effect of the structure in excluding surface water which otherwise would flow from lands adjoining; and it is immaterial that the adjoining land is a burial ground.

The erection of a structure on land of the builder to exclude surface water which otherwise would flow from an adjoining burial ground is not a violation of the provisions of the Gen. Sts. *c.* 28, § 12, and *c.* 165, § 39, for the protection of places of burial from injury or desecration.

TORT against the members of the parish committee of the First Parish in Dedham, for trespassing on the plaintiff's close adjoining the burial ground of the defendants' parish, and digging away an embankment there built by the plaintiff to protect his land from the flow of surface water from lands adjoining. The defendants answered, admitting that they entered the plaintiff's close and dug a small trench through his embankment; and alleged " that there was a valley in the land of the burial ground, sloping down to the close of the plaintiff, which valley extended, still sloping, down through the close ; that there was, on one side of the valley in the burial ground, a row of seven ancient tombs, for the burial of the dead, the tops of the sills and the bottoms of the doors of which were several inches lower than the top of the embankment on the plaintiff's close, which embankment was recently erected ; that one of the tombs was and had been for many years owned by the parish and used as a receiving tomb ; that the bottoms of the tombs were about two feet below the top of the sills ; that at the time of the alleged trespass there was a freshet, caused by heavy rains and the melting of a great body of snow upon the ground, and by reason of the embankment there was a great accumulation of water above the embankment and in the valley in the burial

ground; that said water had risen so high that it was on the point of flowing over the tops of the sills of said tombs; that there were in all of said tombs, except the receiving tomb, many dead bodies permanently buried, and in the receiving tomb a great number of dead bodies of persons who had died during the winter, temporarily deposited there until the ground should thaw out so that they could be buried; that in said state of the water and the tombs, they, as the parish committee, entered upon the close of the plaintiff, and dug the trench through the embankment, to prevent the tombs from being inundated with the water raised by said embankment, and desecrated, and to prevent a violation of the Gen. Sts. *c.* 28, § 12; and that in so doing they did no unnecessary injury to the close, and nothing more than was necessary to prevent the inundation and desecration of the tombs."

Under an agreement that the allegations of the declaration and answer should be taken as agreed facts, the case was submitted in the superior court to the determination of the court, without a jury; which ordered judgment for the plaintiff, and assessed damages in the sum of five dollars; and the defendants appealed.

*W. Gaston & F. D. Ely*, for the plaintiff.

*W. Colburn*, for the defendants.

Chapman, C. J. A proprietor of land may erect structures upon it as solid and as high as he pleases, without regard to their effect upon surface water which would otherwise come from the adjoining lands upon his soil. *Gannon v. Hargadon*, 10 Allen, 107. *Franklin v. Fisk*, 13 Allen, 211. The fact that the adjoining land is occupied for a burial ground does not abridge his rights in this respect. The erection of a structure which prevents the surface water that gathers upon the burial ground from flowing off over his land is not a violation of Gen. Sts. *c.* 28, § 12, or *c.* 165, § 39; for the proprietors of the ground have no easement which he violates or obstructs. If the water constitutes a nuisance, he did not create the nuisance. The motive which influences a man to exercise his right is no material in such a case as this.        *Judgment for the plaintiff.*