DUNCAN R. MORRILL *vs.* RICHARD HURLEY.

Suffolk. March 21. — 22, 1876. DEVENS & LORD, JJ., absent.

The owner of land is not liable for not preventing surface water from accumulating thereon and flowing thence upon the adjoining land of another, to his injury.

TORT for damages caused by surface water accumulated upon the defendant's land flowing upon that of the plaintiff. The

case was submitted to the judgment of the Superior Court on an agreed statement of facts in substance as follows:

The plaintiff was tenant for years of a tenement house on Eighth Street, South Boston, under a lease providing that he should make all repairs at his own expense. The defendant owned a lot of vacant land adjoining the house and situated at the corner of Eighth Street, and a private way called Clapp Street. The lots of both the plaintiff and the defendant formerly belonged to one Clapp, who, before conveying them, lowered the surface of both lots about three inches below the natural level. The plaintiff's lot was conveyed by Clapp after his conveyance of the defendant's lot, and both were conveyed by full warranty deeds. The street and private way were above the natural surface, and the grading of the same by persons other than the defendant, combined with the erection of numerous houses by persons other than the defendant, caused a large increase in the flow of rain water towards and upon said lot. During rain storms the water collected on the roofs of the houses on Clapp Street, was discharged therefrom upon Clapp Street, and from thence ran upon the vacant lot; in many cases running by plainly marked channels from the spout directly to the lot. There was no pavement on the private way, and the lot on that side was washed away so as to form a sloping bank; and part of the soil was washed into the lot so as to form a mound in the middle of the lot and make the side of the lot towards Clapp Street higher than the side towards the house. During rain storms the water accumulated upon the defendant's lot more rapidly than his drain conveyed it away, to a depth varying from three to ten inches, and passed through the foundation wall of the plaintiff's house at six places, in parts of the wall two to three feet below the surface of the defendant's lot, flooding the plaintiff's cellar and damaging him to the amount of fifty dollars. The foundation wall was of rubble stone, twenty inches thick, laid without mortar, except that it was pointed on the inside. It extended seven inches above the surface of the defendant's lot to a brick wall above, which was impervious to the water. Prior to the building of the plaintiff's house the lot on which it stands was subject, like the defendant's lot, to floods of water from the same source, and there was thereby formed a

pool of water common to both lots. Drains were afterwards placed upon each lot. The drain upon the plaintiff's lot was stopped up when his house was built, but was reopened to remove the water complained of from his cellar. The drain on the defendant's lot was eight inches in diameter, guarded by a wooden cover, through which were sixteen holes of one inch diameter for the flow of water. This drain was partially stopped up by persons unknown. The defendant opened the drain when informed of its condition. The defendant was not guilty of gross negligence. He lived on the same street and within a square of said vacant lot, and complaints were made to him that the water passed from his lot into the plaintiff's cellar. Whenever complaints were made the defendant opened his drain. The following ordinances of the city of Boston may be considered, so far as applicable to this case : Ordinances of 1869, p. 609, § 50 ; 1870–1874, p. 13, § 6 ; p. 76, § 48.

If the plaintiff was entitled to recover, judgment was to be for him for fifty dollars ; otherwise judgment for the defendant.

᠂ *Colburn,* J., ruled that the plaintiff, on the facts stated, was not entitled to maintain his action, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*R. M. Thompson,* for the plaintiff. 1. The owner of real estate is responsible for its condition, whether that condition is the result of his own acts, the lawful acts of other persons on their own land, or the effect of natural causes. *St. Helen's Smelting Co.* v. *Tipping,* 11 H. L. Cas. 642. *Shipley* v. *Fifty Associates,* 101 Mass. 251 ; *S. C.* 106 Mass. 194. *Salisbury* v. *Herchenroder,* 106 Mass. 458.

2. If the condition of real estate is such as to make it unreasonably dangerous to other persons or their property it is a nuisance, and the owner is liable in damages to persons specially injured. *Swett* v. *Cutts,* 50 N. H. 439.

3. As a matter of law the condition of the defendant's lot was such as to make it unreasonably dangerous to the property of the plaintiff. *Rylands* v. *Fletcher,* L. R. 3 H. L. 330. *Ball* v. *Nye,* 99 Mass. 582. Ordinances of Boston, 1870–1874, p 76, § 48.

4. As a matter of fact the condition of the defendant's lot was such as to make it unreasonably dangerous to the property of the plaintiff. *Swett* v. *Cutts,* 50 N. H. 439.

5. As it is actionable to discharge rain water from the roof of one person's house upon the land of another, and as it is actionable for a city to discharge surface water into the cellar of a house by means of a defective sewer, there can be nothing in the nature of rain or surface water which prevents injuries caused by them from being actionable. *Emery* v. *Lowell*, 109 Mass. 197.

6. The plaintiff has not in any way·legally contributed to the injury for which damages are claimed, as he had a right to build his house where he did, and as he did. *Gannon* v. *Hargadon*, 10 Allen, 106. *Bates* v. *Smith*, 100 Mass. 181. *Swett* v. *Cutts*, 50 N. H. 439. Ordinances of Boston, 1870–1874, p. 13, § 6.

*J. A. Maxwell*, for the defendant, was not called upon.

BY THE COURT. The facts agreed show merely that the defendant did not prevent surface water from accumulating upon his own land and thence flowing upon the land of the plaintiff. This gave the plaintiff no cause of action. *Gannon* v. *Hargadon*, 10 Allen, 106. *Bates* v. *Smith*, 100 Mass. 181.

*Exceptions overruled.*