JAMAICA POND AQUEDUCT CORPORATION *vs.* INHABITANTS OF BROOKLINE.

Norfolk. Jan. 27. — Sept. 12, 1876. ENDICOTT & DEVENS, JJ., absent.

The right to maintain water pipes under a highway gives no claim for compensation, under the Gen. Sts. *c.* 44, § 19, for damages sustained by reason of the raising of the grade of the highway.

MORTON, J. This is a petition to recover damages sustained by the petitioner by reason of the raising of the grade of Pond Avenue, a highway in the town of Brookline. The petitioner had laid, before Pond Avenue was established as a highway, and at the time of the change of grade was maintaining, a line of pipes under Pond Avenue, for the purpose of conveying water to distribute to the citizens under its charter. It contends that the change of grade made it necessary to remove and raise the pipes, to prevent their being crushed by the weight of earth above them, and that it had removed and relaid them at a large expense. The only question presented in this case is, whether the whole or any part of this expense can be recovered of the town of Brookline.

The statute provides that "when an owner of land adjoining a highway or town way sustains damage in his property, by reason of any raising, lowering, or other act done for the purpose of repairing such way, he shall have compensation therefor." Gen. Sts. *c.* 44, § 19. At common law, cities and towns were not liable for any damage caused by the change of grade or other repairs of a highway. *Callender* v. *Marsh*, 1 Pick. 418. *Brown* v. *Lowell*, 8 Met. 172. They were first made thus liable by the Rev. Sts., which went into effect May 1, 1836, and which contained the same provision as the Gen. Sts., above cited. The liability of the town, being thus created by statute, cannot be extended beyond the cases provided by the statute. This gives a right to compensation only to the owner of land adjoining the highway. The petitioner has a peculiar easement in the soil under the highway, but cannot by any reasonable construction of language be said to be "an owner of land adjoining the highway." It is therefore not within the statute, and has no remedy

against the town for any damage caused by raising the grade of Pond Avenue.                    *Judgment for the respondent.*

*M. Williams, Jr.,* for the petitioner.

*C. H. Drew,* for the respondent.