## HENRY A. RATHKE vs. G. C. GARDNER.

Franklin.    Sept. 19, 1882. — Jan. 9, 1883.    FIELD & HOLMES, JJ., absent.

If the certificate of a presiding judge, under the Pub. Sts. c. 198, § 6, relating to
    costs, that an easement is concerned in an action, is based upon a ruling on a
    question of law, to which exception is taken, such ruling may be revised by
    this court.
In an action against a railroad corporation for diverting surface water and turning
    it upon the plaintiff's land, the evidence tended to show that the embankment
    of the railroad obstructed the flow of the surface water from the hills and down
    a ravine; and that the defendant had dug a ditch on the upper side of the road,
    and had thereby conducted said water a distance of several rods, and discharged
    it, through a culvert under the road, upon land of the plaintiff, where it had not
    been accustomed to flow.   The defendant claimed the right to do this, on the
    ground that it was necessary to the proper construction and maintenance of
    the railroad.   The jury returned a verdict of one dollar for the plaintiff.   The
    question then arose as to the right of the plaintiff to costs; and the defendant
    asked the judge to rule that, "if the right claimed at the trial existed merely
    as incident to the right to construct and maintain a railroad, it would not
    constitute an easement."   The judge "declined so to rule, and ruled to the
    contrary"; and thereupon made a certificate that a right to an easement was
    in fact involved in the action.   *Held,* that no error appeared.

MORTON, C. J.    The statute provides that, " when the right
to an easement or the title to real estate is in fact concerned in
an action, and the judge before whom the action is tried certifies
such to be the fact, the party finally prevailing therein shall re-
cover his full costs, without regard to the amount of damages
recovered."    St. 1862, c. 36, § 1.    Pub. Sts. c. 198, § 6.    Ordi-
narily, the certificate of the presiding justice, that the right
to an easement or the title to real estate is, or is not, in fact
concerned in the action, will be conclusive.    But when the pre-
siding justice bases his finding of the fact upon a ruling upon
a question of law, to which exception is taken, this ruling may
be revised by this court.

The case at bar is an action of tort against the state manager
of the Troy and Greenfield Railroad and the Hoosac Tunnel, in
which the jury returned a verdict of one dollar.    The declara-
tion has two counts, but the bill of exceptions shows, we think,
that there was no actual trespass which would sustain the sec-
ond count, and that the verdict must have been rendered on the
first count, for the acts of the defendant in diverting the surface

water, and turning it upon the plaintiff's land. The evidence tended to show that the embankment of the railroad obstructed the flow of the surface water from the hills, and down a ravine; and that the defendant had dug a ditch on the upper side of the road, and had thereby conducted said water a distance of several rods, and discharged it, through a culvert under the road, upon land of the plaintiff, where it had not been accustomed to flow. The defendant claimed the right to do this, on the ground that it was necessary to the proper construction and maintenance of the railroad.

After the verdict, the question arose as to the right of the plaintiff to costs; and the defendant asked the court to rule that, " if the right claimed at the trial existed merely as incident to the right to construct and maintain a railroad, it would not constitute an easement." The court " declined so to rule, and ruled to the contrary," and thereupon made a certificate that a right to an easement was in fact concerned in the action.

No question is presented to us as to the liability of the defendant. Upon this matter, we must assume that correct instructions were given to the jury. The only question is whether the court erred in refusing the instruction requested.

As between the owners of contiguous estates, it is settled in this Commonwealth that the right of an owner of land to occupy and improve it as he may see fit, either by erecting structures or by changing the surface, is not restricted by the fact that such use of his own land will cause surface water to flow over adjoining lands in greater quantities, or in other directions, than they were accustomed to flow. If, by this use, the adjoining land is damaged, it is *damnum absque injuria*. *Gannon* v. *Hargadon*, 10 Allen, 106, and cases cited. This right exists in the owner by virtue of his dominion over his own soil, and not by virtue of any easement or servitude over the lower land. That this is so is clear from the fact that the adjoining owner may himself erect such structures or take such measures as he sees fit, on his own land, to divert the surface water and prevent its flowing upon his land, and in so doing he does not violate or obstruct any easement of the owner whose land is of a higher level. *Bates* v. *Smith*, 100 Mass. 181. So it has been held that, where surface water from the plaintiff's land has been accustomed to flow over

adjoining land for more than twenty years, the owner of the adjoining land has the right to obstruct the flow and turn the water back upon the plaintiff's land without any liability for damages. *Parks* v. *Newburyport*, 10 Gray, 28.

But there is the well-settled distinction, that although a man may make any fit use of his own land which he deems best, and will not be responsible for any damages caused by the natural flow of the surface water incident thereto, yet he has not the right to collect the surface water on his own land into a ditch, culvert, or other artificial channel, and discharge it upon the lower land to its injury. And if he does this, and continues it adversely and under a claim of right for more than twenty years, he thereby acquires a right which is in the nature of a servitude or easement upon the lower land. *White* v. *Chapin*, 12 Allen, 516. *Curtis* v. *Eastern Railroad*, 14 Allen, 55, and 98 Mass. 428. *Cary* v. *Daniels*, 5 Met. 236.

As between adjoining landowners, therefore, if one owner thus discharged water through an artificial channel upon the lower land of the other, and if he claimed the right to do so, either by grant or prescription, the right to an easement would be concerned in the case. It has not been directly decided whether a railroad company, by virtue of its charter, if it is reasonably necessary to the proper construction and maintenance of its road, has the right to collect the surface water into an artificial channel and discharge it upon the adjoining land, and thus to subject such land to an easement or servitude.

In the case of *Babcock* v. *Western Railroad*, 9 Met. 553, the court expressed themselves as strongly inclined to the opinion, that, as the grant of authority to execute a public work carries with it a power to do all that is necessary to accomplish the object, the defendant in that case had authority under its charter to widen a watercourse on the plaintiff's land for the purpose of carrying off the water from its railroad. But it was not necessary in that case to decide this question.

In the case at bar, the bill of exceptions is short, and gives little of the history of the trial. It states that the defendant claimed the right to do the acts complained of, " on the ground that it was necessary to the proper construction and maintenance of said railroad." For aught that appears, the claim may

have been that the charter gave him the right to collect the surface water in an artificial channel and discharge it upon the plaintiff's land. If so, he claimed the right to use the plaintiff's land for this purpose, which is a claim of a right to subject the land to a servitude or easement. The fact that the right "existed merely as incident to the right to construct and maintain a railroad," would not make it any the less an easement. The bill of exceptions, therefore, does not show any error in the ruling of the court. *Exceptions overruled.*

*C. Delano*, for the defendant.

*S. T. Field*, for the plaintiff.