SUSANNAH KENNISON *vs.* INHABITANTS OF BEVERLY.

Essex. November 2, 1887. — April 6, 1888.

Present : MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Watercourse — Surface Water — Town — Way.*

A town is not liable if surface water, collected in catch-basins or gutters constructed by its agents or by its highway surveyors beneath the surface of a highway, percolates thence through the soil into the cellar of an adjoining owner, to his injury.

TORT for damages caused by surface water, accumulated in a catch-basin in Bartlett Street in Beverly, percolating into the cellar of the plaintiff. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows.

The plaintiff testified that water ran into her cellar from the drain in front of her house a great deal every year after it was moved, fifteen years before, until since this action was commenced; that a large amount of water draining from a street called Cabot Street was collected in drains by the road-side, and conducted into other drains by the side of Bartlett Street, where it mingled with all the surface water which drained from Bartlett Street, and flowed along the side of that street, and in part through a culvert or drain constructed across it, until it came into a pit or catch-basin on the side of Bartlett Street directly opposite her house, and from eight to ten feet therefrom, whence it flowed through the soil and the wall into her cellar, causing damage to her property at all times when the water flowed through the culvert in consequence of storms, showers, or the melting of snow.

Henry A. Foster, in addition to the above facts, testified that a great deal of water from another street, called Lovett Street, also flowed into the drain by the side of Bartlett Street, and into the catch-basin ; that the plaintiff's house was moved to its present location by the defendant fifteen years before ; that at that time some alteration in the drains or gutters was made, and the catch-basin, which was an extension of the culvert, and was about four

feet deep and two and a half feet wide, was constructed about ten feet from the plaintiff's house, having its sides made of loose rocks uncemented; that a small pipe under ground was its only outlet, which, on examination just before the action was brought, was found to be completely choked up with sticks and leaves; and that some repairs were made on the drain two or three years before the action was begun.

Daniel Foster testified that there was a drain on one side of Cabot Street which took the water for a distance of six hundred feet from the corner of Bartlett Street into the drain on that street; that the drain on Bartlett Street took the drainage from that street a distance of two hundred or two hundred and fifty feet further, into the catch-basin; and that these drains and streets had been there for more than forty years.

The chairman of the board of selectmen of the defendant town at the time the plaintiff's house was moved, testified that Bartlett Street, Cabot Street, and Lovett Street were public highways, and that the gutters, culvert, and catch-basin were under the charge of the highway surveyors.

The judge ruled that the action could not be maintained, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Gove & S. A. Fuller*, for the plaintiff.

*H. P. Moulton*, for the defendant.

FIELD, J. The plaintiff complains that her land is injured by surface water, which is collected in drains or gutters by the sides of streets, and is thereby conducted into a pit, or catch-basin, on the side of Bartlett Street, directly opposite to her house, and from eight to ten feet therefrom, whence the water passes "through the soil and the wall into her cellar." There was evidence that this catch-basin was constructed with "its sides made of loose rocks uncemented," and that a "small pipe under ground was its only outlet," and that this was "completely choked up with sticks and leaves." The streets were public ways. The evidence does not show by whom the drains or gutters and the catch-basin were constructed, but we think that there was evidence that they were maintained by the town as a part of the system of highways which it was bound to keep in repair. The drains and catch-basin were within the limits of

the highways. We are of opinion that the principles declared in *Flagg* v. *Worcester*, 13 Gray, 601, *Barry* v. *Lowell*, 8 Allen, 127, *Franklin* v. *Fisk*, 13 Allen, 211, and *Turner* v. *Dartmouth*, 13 Allen, 291, govern this case. See *Emery* v. *Lowell*, 104 Mass. 13, 16 ; *Merrifield* v. *Worcester*, 110 Mass. 216, 220.

If a town by its agents, or if the highway surveyors of a town, in constructing or repairing highways, cause the surface water to flow upon the land of an adjoining proprietor, there is no remedy by action. The owner of the adjoining land can protect himself by such barriers as he may choose to build, and in some cases he has a remedy under the Pub. Sts. c. 52, § 12 or § 15.

We can find no distinction in respect to legal liability between an injury to land from surface water collected in gutters and catch-basins which are below the surface of the adjoining land, and from which the water percolates through the soil, and an injury from surface water which, overflowing the gutters and catch-basins, runs over the adjoining land, or which is turned directly upon it. *Exceptions overruled.*