JOHN COLLINS *vs.* CITY OF WALTHAM.

Middlesex. November 12, 1889. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Case stated — Surface Water — Liability of City.*

Surface water accumulating in open gutters in various city streets flowed thence into a connecting street, the whole series of streets being substantially at the grade of the surrounding land, and, overflowing the gutters of the connecting street, passed over intervening land and flooded the land beyond to the owner's injury. There was a drain in the connecting street, the effect of which was to relieve such a flood somewhat, but the inlet was sometimes stopped up. *Held,* that the city was not liable in damages to such landowner.

TORT for damages caused by surface water overflowing the gutters of a street in the defendant city, and flowing thence over intervening land upon that of the plaintiff. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts as follows.

Newton Street in the defendant city is an ancient way, running northerly across a railroad to Charles River. Benefit Street, a private way, leads off from Newton Street at a right angle to the west, between the railroad and the river. The plaintiff's land is situated on the north side of Benefit Street, towards the river, and about one hundred and fifty feet from Newton Street. Within twenty-five years the tract of land south of the railroad and on the west side of Newton Street had been cut down, and several streets duly laid out over it, running westerly from Newton Street and parallel with Benefit Street, so graded that there was a general slope towards Newton Street. All the surface drainage of this tract, which formerly flowed northerly into the river, was diverted by these streets, and caused to flow into Newton Street. During heavy rains and thaws, the water accumulated in Newton Street from such connecting streets and otherwise flows down that street until it reaches a point north of the railroad and opposite the plaintiff's land, and then overflows the gutters and street lines, and flows over the intervening land to and upon the plaintiff's land. The water all flows on the surface of the land in the street

gutters, there being no underground drains or other structures
which empty water on to the plaintiff's land.   The only under-
ground drain in the vicinity is one which starts south of the
railroad and runs under Newton Street to the river.   It empties
nowhere until it reaches the river, and its only effect is to
relieve the flood to the extent of its capacity.   The grate over
its inlet was sometimes choked up with leaves and papers, so as
to prevent its carrying away all the water it is capable of.

*H. N. Allin*, for the plaintiff.

*G. L. Mayberry*, for the defendant.

HOLMES, J.   This case is presented on agreed facts.   The
only question is whether they require a judgment for the plain-
tiff as matter of law.   No inferences of fact can be drawn.   *Old
Colony Railroad* v. *Wilder*, 137 Mass. 536, 538.   *Mayhew* v.
*Durfee*, 138 Mass. 584.

It is agreed that surface water flows down a series of streets
into Newton Street, by the open street gutters, and thence
overflows adjoining lands.   But these streets are substantially
at the grade of the surrounding land, although somebody within
twenty-five years has changed the grade of the land over which
they run, so that the direction of the surface drainage has been
changed.   It does not distinctly appear that the water would
not come down and flood the plaintiff's land to the same extent
if there were no streets there.   Whether a change of the surface
of land by a private owner in such a way as to change the direc-
tion of surface drainage, and materially to increase the discharge
of water upon the plaintiff's land, would be actionable in any
conceivable case, unless the discharge was through an artificial
channel, we need not consider.   So far as we are aware, no case
has arisen in this Commonwealth in which such a liability has
been enforced where the channel of discharge was not definite.
*Morrill* v. *Hurley*, 120 Mass. 99.   *Curtis* v. *Eastern Railroad*, 98
Mass. 428, 431.   Assuming that some street gutters might be
found by a jury to constitute artificial channels, (see *Manning* v.
*Lowell*, 130 Mass. 21, 24,) it does not appear that the gutters in
question amounted to such channels, or that they brought down
more water than the streets would have brought without them.

If the liability of the defendant city stood on the same footing
as that of a private landowner, the plaintiff could not recover on

the case stated without further inferences of fact. But there are other defences peculiar to cities and towns. So far as appears, the damage, if either caused or enhanced by the streets, is the immediate consequence of the original laying out. It always has been stated and assumed, that in such cases, when the city was acting within the authority of the statute, the only remedy was under the statute. The plaintiff suggests that his land is not adjoining the highway. The right to compensation under the Pub. Sts. c. 49, §§ 68, 79, is not confined in terms to owners of land adjoining the highway, as it is in c. 52, § 15. *Jamaica Pond Aqueduct* v. *Brookline*, 121 Mass. 5. It would be going pretty far to deny compensation for damage which could be recovered for if caused by a private person. But we shall not undertake to construe the statute until we find it necessary to do so, beyond saying that it has been intimated that compensation might be recovered under it for damage of this character, and that, so far as we know, it never has been decided that the right, whatever it may be, depended upon the lands touching the highway. *Flagg* v. *Worcester*, 13 Gray, 601, 603.

If a city or town is ever liable to an action for injury done to a landholder by diverting surface water and causing it to flow upon his land when it is done in constructing or repairing a highway, there is nothing stated sufficient to distinguish the case at bar from *Flagg* v. *Worcester*, 13 Gray, 601, 602, and *Turner* v. *Dartmouth*, 13 Allen, 291, 293, explained in *Emery* v. *Lowell*, 104 Mass. 13, 16; *Brayton* v. *Fall River*, 113 Mass. 218, 226; *Kennison* v. *Beverly*, 146 Mass. 467; *Benjamin* v. *Wheeler*, 8 Gray, 409, and 15 Gray, 486. See also *Bates* v. *Westborough*, ante, 174.

With regard to the drain in the highway, the entrance to which sometimes was stopped up, it follows from what we have said that there is no duty to the plaintiff shown to keep it open. Furthermore, it does not appear that, if open, it would have prevented the overflowing of the plaintiff's land, or that the public duty of keeping it clear did not belong to public officers like highway surveyors, for whom the defendant is not responsible.

*Judgment for the defendant.*