Spear, C. J.
The single question is as to the sufficiency of the petition. If that states a cause of action, the judgment of the circuit court should be reversed; if not, the opposite result follows.
It will be noted that there is no direct allegation that the grant from the city gave the company the right to maintain its pipes at any particular place in the street, nor at any prescribed depth beneath the surface. Nor is it averred that the action of the city was, in anjr way, wanton, nor that the change of the grade of the street was unnecessary; and the presumption is that the city acted, in that behalf, lawfully, and without negligence. Nor is it pretended that the city has denied the company’s right to maintain its pipes in Broad street. The dispute involves only the right to maintain them where first laid.
The company’s claim is that, while the consent of the city must first be obtained, the city having the right to make reasonable regulations as to the terms and conditions on which the company may occupy, yet, when the city has *68 given its consent, lias made the grant, the right in the streets is in the nature of an easement which then belongs to the company by force of the statute, and the city cannot interfere with that right, save upon condition of awarding compensation for resulting damage.
It is freely, conceded that the company is a public agency. It is further conceded that the use of streets and alleys for gas pipes, through which gas is to be conducted for the use of the city and its people, is a recognized public use and purpose, and that the general right to so lay and maintain such conductors is created bj' statute. This is, however, upon condition of consent by the municipal authorities, and under such reasonable regulations as they may prescribe. And cities are specially authorized to provide for the laying down of gas pipes.
But, while all this is conceded, it must always be kept in mind that the primary use of the streets is not for the laying of gas pipes. That is but an incidental, a secondarjr, use. Above all other uses is the accommodation of the public travel. Our statute, sec. 2640, prescribes the city’s duty thus: “The council shall have the care, supervision and control of all public highways, streets, avenues, * * * within the corporation, and shall cause the same to be kept open and in repair, and free from nuisance.”
This necessarily implies the duty, as well as the right, to grade, in order that the streets may be accessible, convenient, and in good repair. It also implies that the duty as well as the right is a continuing one. The duty is not to open the streets and put them in repair, but to keep them open and in repair. This matter of grading is not, necessarily, a single operation. The duty of exercising the power anew, therefore, follows the changing conditions and needs of the public. The power is a legislative one. It is to be enforced by ordinance. The council is to perform the duty, and it is elementary, we suppose, that the council cannot, in the exercise of legislative powers, bind its successors, unless authority from the state to do so is clearly indicated. The corporation cannot abridge its own legislative power.
*69 It would follow from this that in prescribing regulations, or annexing conditions, by the city, to the exercise by a gas company, of a right in a street to enjoy the same for this secondary use, the council has not the authority to cede away, nor bargain away, the right of the city to perform its public duties, especially as to a primary use of its streets, nor to abridge the capacity of its successors to discharge those duties, unless some-express provision of statute is found to that effect, and that is not claimed.
The power to re-grade, and the duty of exercising the po-wer under proper conditions, being established, does liability for damage follow its exercise in such a case as the one at bar?
If it can be maintained that the company has acquired an easement giving it the right to continue its pipes at the particular place, in the street where they were placed, there would be strong reason for concluding that liability for damage would follow their disturbance by the pfocess of grading; otherwise, not.
It is insisted that the easement of the company, acquired by the grant from the city, is a right as substantial as that of an abutting owner, and that its right to compensation for interference with pipes laid in conformity with an established grade, is as well founded as that of an owner of abutting property to compensation for an interference arising in the same way.
There are some points of similarity between the two situations, but we think there are more differences. The street is often dedicated by the owner, or his predecessor in title, to public use, and if required by appropriation, he is liable to compulsory contribution for payment of land taken. By reason of owning the abutting land, he has a property right in the street itself, as much property as his lot. Under some circumstances, trees growing in the street in front of his lot are his property, and he may maintain them there, subject only to the free use of the street by the public. In case of abandonment the title to the middle of the highway itself, ordinarily, reverts to him. Among other rights is that of access to and from his premises, and where he has *70 improved in conformity with an established grade, the damage occasioned by a material change of grade is immediate and often serious. A marked difference between the two rights is found in their origin. In no single particular does the land owner get any property right in the street from the city. No consideration of the city’s power is brought in question in estimating the character of the lot-owner’s right in the street. It inheres in the very ownership of the lot, as air incident to it.
None of these characteristics attach to the company's easement. In no sense is it the owner of land adjoining the highway. A fair construction of the petition makes of it no more than a naked right to place and keep its pipes somewhere in the street. And this, we think, is the extent of the council’s power. An ordinance to grant an exclusive right, or a perpetual right to occupy a particular part of the street, would be an attempt to bind succeeding councils as to their exercise of legislative power, and would, for reasons stated, be ineffectual. The grant by the city must be interpreted in the light of the right and duty of the city to re-grade, whenever in its judgment, the public interest demands, and whatever easement the gas company can receive, it must accept and enjoy in common with equivalent rights, which have been or may be acquired by other public agencies, rights of a like secondary character, and all must give way to the paramount duty of the city to care for the streets and keep them open, in repair, and convenient for the general public. This duty would be seriously interfered with if the city could not change the grade of its streets, save upon the condition that it should make compensation to every gas company, and water company, and telephone company, and electric light company, and street railway company, for inconvenience and expense thereby occasioned. All such agencies must be held to take their grants from the city upon the condition, implied where not expressed, that the city reserves the full, and unconditional power to make any reasonable change of grade, or other improvement, in its streets.
*71 Attention has been called to some authorities which seem to give sanction to the company’s claim in this case. But we are impressed that they do not in this respect express the spirit of our statutes and decisions.
On the other hand, counsel for the city have cited authorities which support the conclusions here reached. See Dillon on Municipal Corporations, hie et ibi; Lewis on Em. Dom., § 107, 109; Goszler v. Georgetown, 6 Wheat., 593; Brenham v. Water Co. 20 Am. & Eng. Corp. Cases, 247; Aqueduct v. Brookline, 121 Mass., 5; In the matter of Deering, 93 N. Y., 361; Water Works v. Kansas City, 28 Fed. Rep. 921; Rockland Water Co. v. Rockland, 83 Me., 267.
We think the petition does not state a cause of action.

Judgment affirmed.