Roberts vs. Von Briesen.

ROBERTS, Appellant, vs. VON BRIESEN, Respondent.

*September 10 — October 12, 1900.*

*Surface water: Drains: Easements: Prescription.*

1. In an action to restrain the obstructing or interfering with a ditch running across defendant's land, in and through which surface water from plaintiff's lots had been accustomed to flow for many years, and to compel the removal from such ditch of obstructions placed therein by defendant, the complaint alleged, among other things, that the ditch was from one to three feet deep and from three to five feet wide, and was dug fifty years before by plaintiff's grantor; that it had been used continuously, openly, notoriously, uninterruptedly, and *adversely to*, and with the knowledge and acquiescence of, the defendant and those under whom she claimed title, for such period; that such ditch had been used and enjoyed by the plaintiff personally in draining his premises continuously for thirty years; that for twenty-six years the city authorities had maintained substantial culverts over such ditch at points where it crossed principal streets of the city, and that defendant had placed obstructions in such ditch at points where it crossed her premises, thereby causing the surface water flowing therein to back up and overflow plaintiff's premises, to his damage. *Held*, that the complaint stated a good cause of action.

2. The owner of land may, by draining such land of surface and other water by an artificial way onto or through the land of another, openly, continuously, *adversely*, and with the consent of such other, for a period of twenty years, acquire an easement in the latter's land for a continuance of such drainage.

APPEAL from an order of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Paul D. Durant* and *E. E. Brossard*, and oral argument by *Mr. Brossard*.

For the respondent there was a brief by *Jones & Stevens*, and oral argument by *E. Ray Stevens*.

CASSODAY, C. J.   This is an appeal from an order sustaining a demurrer to the complaint in an action to restrain the defendant from obstructing or interfering with a ditch on her land, in and through which water from the plaintiff's lots (described) had been accustomed to flow for many years, and to compel the defendant to remove from such ditch, sand, earth, and other obstructions which she had placed therein, and for damages.

The complaint alleges, in effect, that several of the streets in the city of Columbus run northeasterly and southwesterly, and that they are crossed by other streets at right angles, running northwesterly and southeasterly; that the plaintiff has for thirty years owned two lots in block 4, Newcomb's addition; that the next block to that on the northeast is block No. 3 of Newcomb's addition, and that the next block to that on the northeast is block No. 1 of Birdsey's addition, and that the defendant owns four lots in that addition; that most of the land embraced in those three blocks was, in its natural state, low, springy, wet, and marshy, and furnished drainage for the higher ground lying to the northwest and the southeast of it; that such low, wet, and marshy ground extended from the street next southwest of the plaintiff's lots to the Crawfish river, fifty rods northeast of the defendant's lots; that such low, wet, marshy tract had and has a gradual and easy slope and fall from the street next southwest of the plaintiff's lots in a northeasterly direction to the river; that in 1850 the owner of said blocks 3 and 4 in Newcomb's addition cut and dug a ditch and open drain across said blocks, and on or near the center line thereof, from the street next west of the plaint-

iff's lots to block 1 in Birdsey's addition, and that said ditch and open drain was cut and extended across the plaintiff's lots through and over two of the defendant's lots in that block, and on to the Crawfish river, and has ever since existed and been maintained; that such ditch is practically straight, and is from one to three feet deep and from three to five feet wide, and at all times since 1850 the ditch has afforded a ready passage and flow for water, and that during all of that time water has flowed through the ditch, with the exception therein mentioned and complained of; that the ditch was cut and dug, and has always been maintained and kept open and used, to drain said blocks 3 and 4 and the adjoining streets, and to carry off the surface water that came upon them, and the water that percolated through the soil; that in 1870, when the plaintiff went into possession of his premises, a dwelling house, with a cellar, stood thereon; that a drain or blind ditch then connected the bottom of the cellar with the ditch on the premises, and carried into the ditch all the water that found its way into the cellar, and completely drained the same, and made it dry and serviceable; that the dwelling, cellar, drain, and ditch had long existed and been maintained when the plaintiff went into possession in 1870, and have ever since been maintained, used, and enjoyed by the plaintiff; that the plaintiff has used the ditch, and the whole thereof, and particularly the portion thereof on and across the defendant's lots, continuously and without interruption, for thirty years, to drain his lots and the cellar to his dwelling thereon, and to carry off the surface water that fell or flowed upon his lots, and that his predecessors in ownership had so used and enjoyed such right across the defendant's lots for more than twenty years prior to the date when the plaintiff became the owner of the lots; that such use and enjoyment by the plaintiff, and those under whom he claims title, of such ditch, and the right of flowage of waters in the same across the defendant's prem-

ises during all of said time, and for fifty years, was continuous, uninterrupted, open, notorious, adverse to, and with the knowledge of, and acquiesced in by, the defendant and those under whom she claims title to her said premises, and that such use and enjoyment by the plaintiff personally has existed and continued thirty years; that the city since 1874, and the town previously, maintained substantial culverts and bridges over said ditch on three of the streets of the city, and from year to year exercised the right, without objection from the defendant or those under whom she claims title thereto, and with their acquiescence, of going onto said premises to clean said ditch and to remove obstructions therefrom, to the end that waters coming in the ditch from said blocks 3 and 4, and from the streets of the city, and from higher places, might have a free and uninterrupted flow through said ditch and over and across the defendant's premises to the Crawfish river; that during November, 1899, the defendant hauled and dumped large quantities of sand and earth in said ditch upon her premises, and filled the same, and completely plugged the lower and northeast opening of the culvert at the street line immediately southwest of her lots, and completely stopped the flow of water from the plaintiff's premises through said ditch onto the defendant's premises; that there was a heavy but not extraordinary fall of rain February 7, 1900; that the obstruction so placed in said ditch by the defendant stopped the flow of waters going off from the plaintiff's premises, and caused the waters to flow back upon the same, and thereby submerged the same with water, and caused the barn and the cellar of his residence to be flooded, and the cellar and residence, and contents therein, greatly injured and damaged, to the amount of $250; that the defendant has refused and still refuses to remove such obstructions to the ditch, and gives out that it is her intention to maintain such obstructions, and keep said ditch on her premises filled and obstructed.

Roberts vs. Von Briesen.

It is said by counsel for the plaintiff that in deciding this case the trial court was controlled chiefly by the decision of this court in *O'Connor v. F. du L., A. & P. R. Co.* 52 Wis. 526, and counsel for the defendant seem to rely upon that case as almost identical with the case at bar. But the controlling facts in this case were not present in that case. No part of the ditch in that case touched Mrs. O'Connor's land. The ditch started on "low lands near her premises," and the surface waters on her premises did not reach the ditch until after they had passed for some distance from her lands. Besides, the question of the right to the use of the ditch by prescription, which is here prominent, was not there involved.

According to this complaint, the ditch in question was from one to three feet deep, and from three to five feet wide, and commenced southwest of the plaintiff's lots, and ran in a northeasterly direction across the plaintiff's lots, and from thence in the same direction across the defendant's lots, and on to the river; and the same was dug fifty years ago by the then owner of the plaintiff's lots, and the same had continued openly, notoriously, and uninterruptedly, and adversely to, and with the knowledge and acquiescence of, the defendant and those under whom she claims title, for fifty years; and the plaintiff personally had the use and enjoyment of such ditch in draining his premises continuously for thirty years; and ever since 1874 the city has maintained substantial culverts and bridges over such ditch in three of the principal streets of the city. The question presented is whether the defendant may now lawfully deprive the plaintiff of such use.

This court has from the first been in harmony with the principles of law adjudged in Massachusetts as to the diversion of surface water. *Clauson v. C. & N. W. R. Co.* 106 Wis. 308, and cases there cited. It was held in Massachusetts, many years ago, that the right to the use of a ditch through the land of another for the drainage of surface water might

be established by adverse user. *White v. Chapin*, 12 Allen, 516, 519. In that case it is said in the opinion of the court that, "Wherever there has been the use of an easement for twenty years, unexplained, it will be presumed to be under a claim of right and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant, unless controlled or explained; and it is incumbent upon the owner of the land to prove that the use of the easement was under some license, indulgence, or special contract inconsistent with a claim of right by the other party." And in a later case it is said in that state: "There is the well-settled distinction that although a man may make any fit use of his own land which he deems best, and will not be responsible for any damages caused by the natural flow of the surface water incident thereto, yet he has not the right to collect the surface water on his own land into a ditch, culvert, or other artificial channel, and discharge it upon the lower land, to its injury. And if he does this, and continues it adversely and under a claim of right for more than twenty years, he thereby acquires a right which is in the nature of a servitude or easement upon the lower land." *Rathke v. Gardner*, 134 Mass. 16. Mr. Gould states the common-law rule and the civil-law rule thus: "The owner of land, by collecting into artificial channels the surface water or superficial drainage there flowing, and discharging such accumulations upon or across the land of an adjoining owner *adversely* for a sufficient length of time, may acquire an easement in such adjacent land for the continuance of such discharge; and under the *civil law* prescriptive rights may be gained in surface drainage as well as in water courses." Gould, Waters (2d ed.), § 279. Such distinction was strictly observed by this court in a recent case where my brother MARSHALL, speaking for the court, said: "Such facts constitute all the elements of a prescriptive right, and do not come within the rule which prevails ordinarily, that one cannot acquire

a right by prescription to have mere surface water flow naturally over the surface of his land onto and across the land of another, but within the other rule, that the owner of land may, by draining such land of surface and other water by an artificial waterway onto or through the land of another, openly, continuously, *adversely*, and with the consent of such other, for a period of twenty years, acquire an easement in the latter's land for a continuance of such drainage." *Wilkins v. Nicolai*, 99 Wis. 181. This case is so clearly ruled by that case as not to necessitate further discussion. The same principle had previously been applied by this court to the acquisition of a right of way by twenty years' adverse user. *Carmody v. Mulrooney*, 87 Wis. 552. The authorities cited and relied upon by counsel for the defendant upon the subject of parol license to occupy land, and the revocation of such license (*Thoemke v. Fiedler*, 91 Wis. 386, and cases there cited), have no application to the facts alleged in this case.

We must hold that the complaint states a good cause of action.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to overrule the demurrer and for further proceedings according to law.