MARY L. MAHONEY *vs.* HERBERT H. BARROWS & another.

Plymouth.   November 8, 1921. — February 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Water and Water Rights.   Trespass.   Cranberry Bog.*

While a landowner has a right to erect a dam or dike upon his land and thus to
collect surface water flowing thereon and to appropriate it to the cultivation of
a cranberry bog upon his land, he has no right to accumulate and retain such
surface water to such a height that it flows back upon the land of an adjoining
owner; and, if he does so, he is liable to the adjoining owner for damage thus
caused.

TORT for damages resulting from the flowing of the plaintiff's
land by waste water collected by a dam upon the land of the
defendants, adjoining owners.   Writ in the Fourth District Court
of Plymouth dated June 6, 1916.

Upon appeal to the Superior Court, the action was heard by
*Bishop,* J., without a jury.   Material evidence and rulings given
and requests denied by the judge are described in the opinion.
There was a finding for the plaintiff in the sum of $75; and the
defendants alleged exceptions.

*E. G. Allan & H. C. Thorndike,* for the defendants.

*J. F. Kiernan,* for the plaintiff.

CARROLL, J.   This is an action of tort to recover damages for
injury caused to the plaintiff's real estate by the acts of the
defendants in maintaining a dike and flume upon their land, by
means of which surface water was collected and discharged upon
the plaintiff's land.   The dike and flume were at the lower end
of the defendants' cranberry bog through which there was no
watercourse except an artificial ditch, constructed by the de-
fendants or their predecessors in title, into which the surface
water from the higher land of several adjacent owners, including
that of the plaintiff, drained, and then passed through culverts
under the highway into a watercourse below.   A ditch had been
dug through the centre of the defendants' land, and ditches about
the edges.   The dike and flume were constructed "at the junction

of the centre and edge ditches," and by means of flashboards the height of the water was regulated. In the fall of the year the defendants placed flashboards in the flume; water gathered on the defendants' bog, and flowed back upon, and submerged a portion of, the plaintiff's land. The defendants collected the water to use in the cultivation of their cranberry bog, and the water was released sometime in the spring.

The case was heard by a judge of the Superior Court sitting without a jury. He ruled that, while the defendants had the right to erect a dam or dike upon their land and to collect the surface water flowing thereon and appropriate such water to the cultivation of the land, they had no right to accumulate and retain the surface water to such a height that it flowed back upon and covered the land of the plaintiff. To this ruling the defendants excepted.

The defendants requested the judge to rule (2) "The defendants had a right to erect a dam or dyke upon their land and thereby check the flow of any surface water accumulating upon their land from natural causes either which originated upon their own land or upon the land of others and appropriate the same to any use consistent with the proper cultivation or improvement of their land;" (3) "The defendants had a right to build and maintain a cranberry bog upon their land and cultivate and protect it by accumulating surface water upon the same by means of a dyke and dam so constructed as to prevent the surface water accumulating upon the bog and land from natural causes whether originating upon the plaintiff's land or upon adjacent land from draining away from the same;" and (4) "That under the law and evidence the plaintiff has no right to recover." These requests were denied.

A landowner can collect surface water on his land and use it for cultivating his land or for any lawful purpose, but he is liable to an action if he discharges it on his neighbors' land by means of a definite artificial channel. *Smith* v. *Faxon,* 156 Mass. 589. *Fitzpatrick* v. *Welch,* 174 Mass. 486. *Nye* v. *Swift,* 190 Mass. 143. He is also liable "if the water should be deflected upon the plaintiff's land by an obstacle to its direct course, in case the defendant either set up that obstacle, or negligently allowed it to remain when he ought to remove it." *Bates* v. *Westborough,* 151 Mass.

174, 181. The defendants had no right to discharge the water on the plaintiff's land by a ditch or culvert constructed on their premises; they could not retain the surface water, by means of a dam, to such a height that it flowed back upon the plaintiff's land; and they were answerable to the plaintiff for setting the water back on her land in this way. *Bates* v. *Westborough, supra.* The ruling of the trial judge was right, and the request that the plaintiff had no right to recover was refused properly.

There was no error in denying the second and third requests of the defendants, as the judge ruled the defendants could erect the dam and collect the surface water for the purpose of improving their land, but they could not injure the plaintiff's, and in the exercise of their right to improve their own land they could not inflict injury on the plaintiff without liability for the damage done her.

*Exceptions overruled.*