MARY A. MANNING *vs.* WOODLAWN CEMETERY CORPORATION.

Middlesex.   November 22, 1922. — May 25, 1923.

Present: RUGG, C.J., DeCOURCY, CROSBY, & CARROLL, JJ.

*Water and Water Rights.   Equity Jurisdiction,* To enjoin continuing nuisance. *Equity Pleading and Practice,* Exception.

A landowner has no right to collect surface water into artificial channels and discharge it on the land of another.

A suit in equity by the owner of land against a cemetery corporation to enjoin it from discharging surface water upon the plaintiff's land was heard by a judge, who, upon evidence warranting the findings, found that before 1896 five acres of land of the plaintiff had been dry and highly cultivated; that about that time the defendant began collecting its surface water in ditches or drains on the cemetery land; that some of these artificial channels emptied into a pond two hundred feet from the cemetery gate, opposite the plaintiff's property, and the overflow came upon the plaintiff's land through an underground ditch constructed by the defendant and through a culvert under a street to a lot owned by the defendant and thence to the plaintiff's land; that as a result of this accumulation and diversion of surface water the plaintiff had been unable to cultivate the five acres of land since 1909. *Held,* that a further finding of a continuing trespass by the defendant, justifying a decree for the plaintiff, was warranted.

At the hearing of the suit above described, the judge admitted in evidence, subject to exceptions by the defendant, the declaration in a previous action of tort by the plaintiff against the defendant for damages caused by unlawful discharge of surface water by the defendant upon the plaintiff's land, an amended answer therein and the opinion of this court upon exceptions by the defendant at a trial of that action. The judge in his findings stated that he did not consider the testimony excepted to, as he was " of the opinion that the plaintiff failed to introduce enough of the record to enable the court to decide whether any of the issues in this suit were decided in that action." *Held*, that, even if the evidence was inadmissible, which was not decided, the defendant was not prejudiced by the action of the judge, and that the exception must be overruled.

BILL IN EQUITY, filed in the Superior Court on September 24, 1921, seeking to have the defendant enjoined from allowing or causing the surface or other water from its cemetery or other land to flow in, on or over land of the plaintiff, and for damages.

In the Superior Court, the suit was heard by *Sanderson, J.,* a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence and facts found by the judge are described in the opinion. By order of the judge a final decree was entered enjoining the defendant " from allowing or causing surface or other water from its cemetery or other land to be collected in artificial streams or channels so that it flows into, or discharges upon land of the petitioner, thereby increasing the natural flow of surface water from the respondent's land on to the petitioner's land, giving the respondent, a reasonable time to so change its drainage system as to accomplish this result; " and costs were awarded to the plaintiff. The defendant appealed.

*R. L. Mapplebeck,* for the defendant.

*W. J. Barry,* for the plaintiff, was not called upon.

CARROLL, J.   This suit in equity, to restrain the defendant from discharging surface water upon the land of the plaintiff, was heard in the Superior Court. A decree was entered ordering an injunction to issue, restraining the plaintiff from allowing or causing surface water from its land to be collected in artificial streams or channels, so that it flows into or discharges on land of the plaintiff.

A landowner has no right to collect surface water into artificial channels and discharge it on the land of another.

*Jackman* v. *Arlington Mills,* 137 Mass. 277. *Fitzpatrick* v. *Welch,* 174 Mass. 486. *Mahoney* v. *Barrows,* 240 Mass. 378. The judge found that the plaintiff's land had been used as a farm. Approximately five acres had not been used for such purposes since 1909. Before 1896 the five acres above referred to were dry and highly cultivated. At about this time the defendant began collecting its surface water in ditches or drains on the cemetery land. Some of these artificial channels emptied into a pond two hundred feet from the cemetery gate, opposite the plaintiff's property, and the overflow came upon the plaintiff's land through an underground ditch constructed by the defendant, and through a culvert under Fuller Street, on to the lot now owned by the defendant and thence to the plaintiff's land. As a result of this accumulation and diversion of surface water the plaintiff has been unable to cultivate these five acres of land since 1909.

The evidence was conflicting. It could have been found on the testimony of the plaintiff that she had been unable to cultivate a part of her land because of a diversion of surface water collected upon the defendant's land and its discharge upon her land by means of artificial channels; and that the defendant continued in this course until the time of the hearing. There was evidence to support the judge's finding, and it must be sustained. *Skehill* v. *Abbott,* 184 Mass. 145.

The plaintiff brought an action of tort against the defendant in December, 1915, to recover damages to her land caused by the discharge of surface water thereon by the defendant. Judgment was entered in her favor in the sum of $2,000. *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5. Against the exception of the defendant, the declaration, amended answer, and the opinion of the Supreme Judicial Court were admitted in evidence. The record was offered by the plaintiff as tending to show that the defendant had no prescriptive right to flow the plaintiff's land. The defendant admitted that the plaintiff and the former owner of her land had " made various protests " and contended that the record was not admissible for the purpose claimed. The judge in

reaching the conclusion that the acts of the defendant in causing water to be accumulated and sent upon the plaintiff's land, constituted a continuing nuisance for which she was entitled to relief by way of injunction, did not consider the testimony excepted to, as he was " of the opinion that the plaintiff failed to introduce enough of the record to enable the court to decide whether any of the issues in this suit were decided in that action." Even if the evidence were inadmissible, which we do not decide, the defendant was not prejudiced by the action of the judge. If there were error in admitting the evidence it was corrected; and in coming to a conclusion the judge did not consider the testimony introduced concerning the former trial between these parties. By disregarding the evidence, it was in fact excluded. In *Newman* v. *Newman,* 211 Mass. 508, 509, where at a hearing before a judge sitting without a jury evidence, admitted against the exception of the libellee, was subsequently disregarded by the judge in making his finding, it was said: " The record recites that the ' court unaffected by the evidence excepted to, relative to the previous conduct of the libellee, found as a fact that the allegations of the libel were sustained.' We understand this to be in effect a statement that in coming to a conclusion the judge entirely disregarded the evidence to which the libellee had objected, or in other words, that he as judge had instructed himself as a finder of facts to disregard it, and obeying the instruction did disregard it. That being so, it does not appear that the libellee was harmed even if the evidence was wrongly admitted." The defendant in the case at bar, therefore, was not prejudiced by the judge's ruling, and the decree must be affirmed with costs.

*So ordered.*