Robert V. Maddock & another *vs.* City of Springfield.

Hampden.    September 22, 1932. — November 28, 1932.

Present: Rugg, C.J., Crosby, Wait, & Donahue, JJ.

*Nuisance.   Equity Jurisdiction*, To enjoin nuisance.

In a suit in equity by the owner of land in a city against the city, which owned land adjoining, to abate an alleged nuisance caused by water overflowing the defendant's land and flooding and damaging the plaintiff's, the following facts appeared: The defendant's land faced upon the same public way as did the plaintiff's, and at the way was of a lower grade and sloped backward. The defendant built at the way a sidewalk and filled the land back therefrom toward the middle of its lot, which resulted in surface water accumulating at the back of the lot at a level which the city sewer could not drain. The water overflowed upon the plaintiff's land, but not in a channel, and damaged it. The suit was dismissed. *Held,* that

(1) Such variation in the movement of surface water was not in law a basis for a claim of injury;

(2) There was no nuisance;

(3) It was immaterial that the defendant was a municipal corporation;

(4) The suit properly was dismissed.

It *was stated*, that, in the circumstances above described, the plaintiff's remedy, if he chose to take it, was to bar out from his land the water flooding it from the defendant's.

Bill in equity, filed in the Superior Court on August 3, 1931.

In the Superior Court, the suit was referred to a master. Material facts found by him are stated in the opinion. By

order of *Lummus*, J., there were entered an interlocutory decree confirming the report and a final decree dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*A. A. Aronstam,* for the plaintiffs.

*C. V. Ryan, Jr.,* City Solicitor, & *V. P. Pessolano,* Assistant City Solicitor, for the defendant.

WAIT, J. The plaintiffs sought by this bill in equity to require the defendant to do all things necessary to prevent further damage to their property by overflowing or flooding by water from its land; to abate what was alleged to be a nuisance; and to pay damages for injury already suffered. A master found that damage in $500 had been suffered by the plaintiffs under the following circumstances: The plaintiffs and the defendant owned adjoining premises fronting upon Osborne Terrace in Springfield. The defendant's lay somewhat lower than the plaintiffs' and sloped backward from the terrace. The defendant put in a sidewalk along its lot continuous with one built by the plaintiffs and at a grade higher than that established by the city's board of survey. It was some inches higher than the old level of the land at the way. The defendant filled in on its land sloping backward from the sidewalk toward the middle of its lot. As a result surface water accumulated at the back of the lot in sufficient quantity to create a small skating place. With the melting of snows and the fall of rain, extremely heavy in the winter of 1930–1931, the accumulated surface water flowed on to the plaintiffs' land and flooded their cellar in February of 1931. The city's sewer in Bowles Park is at too high a level to admit draining the back of the lot into it. The plaintiffs appealed from a decree dismissing their bill.

There is no error. The law is stated in *Gannon* v. *Hargadon,* 10 Allen, 106, 109: ". . . where there is no watercourse by grant or prescription, and no stipulation exists between conterminous proprietors of land concerning the mode in which their respective parcels shall be occupied and improved, no right to regulate or control the surface drainage of water can be asserted by the owner of one lot

over that of his neighbor. . . . the right of a party to the free and unfettered control of his own land above, upon and beneath the surface cannot be interfered with or restrained by any considerations of injury to others which may be occasioned by the flow of mere surface water in consequence of the lawful appropriation of land by its owner to a particular use or mode of enjoyment." The rule is well illustrated by the decisions in *Parks* v. *Newburyport*, 10 Gray, 28, *Flagg* v. *Worcester*, 13 Gray, 601, *Bates* v. *Smith*, 100 Mass. 181, *Morrill* v. *Hurley*, 120 Mass. 99, *Cassidy* v. *Old Colony Railroad*, 141 Mass. 174, *Belcastro* v. *Norris*, 261 Mass. 174. As stated in *Gannon* v. *Hargadon*, 10 Allen, 106, 109, the adjoining owner is at liberty to bar out such water from his land. There is his remedy if he chooses to take it. *Franklin* v. *Fisk*, 13 Allen, 211.

A different rule obtains where the water is gathered and discharged in a channel on the land of the neighbor. See *Manning* v. *Woodlawn Cemetery Corp.* 245 Mass. 250; *Rathke* v. *Gardner*, 134 Mass. 14. There was no such conduct here. Here the defendant merely graded and filled in its premises as it was at liberty to do. Such variation in the movement of surface water as resulted was not in law a basis for a claim of injury. It is immaterial that some of the water may have been standing for a long while on the defendant's land before it flowed upon the plaintiffs'. *Luther* v. *Winnisimmet Co.* 9 Cush. 171. There was no nuisance. The fact that the defendant is a municipal corporation does not affect the case. It is, in this matter, simply an owner of land.

*Decree affirmed with costs.*