EDITH BLOOM *vs.* SAMUEL H. BLOOM (and two companion cases). January 3, 1968. Edith Bloom appealed from decrees entered in three cases which were tried together in the Probate Court in the county of Norfolk. She concedes that her appeal from (1) a decree dismissing her libel for divorce from her husband Samuel on grounds of cruel and abusive treatment cannot be sustained. She presses her appeals, however, from (2) a decree dismissing her petition for separate support, and from (3) a decree nisi which granted to Samuel a divorce on grounds of cruel and abusive treatment and which ordered Samuel to pay weekly to Edith $300 for the support of their two minor children, and to pay reasonable medical and dental bills and premiums to maintain existing insurance policies for the benefit of the children. The entry of a decree absolute was stayed pending our determination of the appeal from the decree nisi. The evidence is reported. There are no findings of fact. In this posture, the standard of review stated fully in *Levanosky* v. *Levanosky*, 311 Mass. 638, 639, is applicable. The findings necessarily implied by the entry of the decrees will not be disturbed unless shown to be plainly wrong. *Jannetti* v. *Jannetti*, 346 Mass. 772, 773. Our examination of the thirty-seven exhibits and our reading of the transcript of 362 pages afford no basis to say that the decrees, so considered, were erroneous.

*Decrees affirmed.*

*Frank L. Kozol* (*Barry Y. Weiner* with him) for Edith Bloom.
*Dwight L. Allison* (*Benjamin F. Forde, Jr.,* with him) for Samuel H. Bloom.

CANAVAN & MANNING, INC. *vs.* HAROLD FREEDMAN & another, trustees. January 3, 1968. The defendants maintained on their land for several years an embankment in such a position as to bar the natural flow of the surface water. In time of heavy rains the water collected at the embankment and backed up for some distance. On March 12, 1962, it flooded the ground floor of a building that the plaintiff occupied as lessee of the defendants and caused the damage for which this action was brought. There was no error in directing a verdict for the defendants. Nothing in the lease or in the relationship gave a basis for recovery. Regarded as the owner of a separate interest in real estate, the plaintiff also had no rights. It is well established that a landowner, by appropriation of his land to any lawful use or mode of enjoyment, may interfere with the natural flow of surface water even though this results in the flow or gathering of this water on or in adjoining land. *Maddock* v. *Springfield*, 281 Mass. 103, 104–105, and cases cited. *Deyo* v. *Athol Housing Authy.* 335 Mass. 459, 462–463, and cases cited. In *Mahoney* v. *Barrows*, 240 Mass. 378, where the plaintiff recovered for damage from the overflow onto his land of water collected behind a dam, the amount of water impounded was augmented by artificial channelling. There is no showing of any artificial channelling or augmentation of the natural flow of water in this case. The circumstances that the embankment was a temporary accumulation of gravel and debris from the rear of the defendants' lot, that this use of the land served no purpose other than storing the gravel and debris, that the defendants intended to remove the embankment and told the plaintiff after the lease term had begun and after a prior flooding that they would do so, and that they finally did so, do not impose liability. We need not consider whether the rule would be different if the blocking of surface water made adjoining premises indefinitely unusable.

*Exceptions overruled.*

*Joseph E. Kerigan* for the plaintiff.
*Charles S. Cohen* for the defendants.