EDMOND LAROSE, JR., & others *vs.* DONALD M. CAMPBELL & others.
June 23, 1977. This case was tried before a master, who filed a report
and a supplemental report. These were adopted, and judgment was
entered for the defendants. The plaintiffs have appealed. There was no
error. 1. The order of recommittal for additional findings was within
the discretion of the judge who entered it (see the last sentence of
Mass.R.Civ.P. 53[e][2], as amended, 367 Mass. 917 [1975]), and may
well have been mandatory because of the incompleteness of the master's
original findings in the areas to which the order was addressed (com-
pare *Ullian* v. *Cullen,* 3 Mass. App. Ct. 159, 162-165 [1975]). 2. In so
far as the plaintiffs' motion for further recommittal was based on their
objection to the master's refusal to hear additional evidence at the
hearing on recommittal, the motion was properly denied because the
taking of evidence was not within the terms of the order of recommittal
under which the master was acting. *Stevens* v. *Rockport Granite Co.*
216 Mass. 486, 494 (1914). Nor were the plaintiffs entitled to further
recommittal for the purpose of obtaining summaries of the proceedings
relating to the approximately 260 evidentiary objections made by the
plaintiffs during the original trial before the master, for the reason
that the unusual amendment to the order of reference, whereby the
master was directed to report the evidence, rendered such summaries
unnecessary (see *Morin* v. *Clark,* 296 Mass. 479, 483 [1937]), and for

Rescript Opinions.

the further reason that neither the plaintiffs' preliminary objections (Rule 49, § 7, of the Superior Court [1974], as unamended) nor their final objections (Mass.R.Civ.P. 53[e][2]) appear to have been filed until long after the expiration of the deadlines specified therefor by the applicable rules (*Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 189 [1976]). 3. The plaintiffs' attack on the master's ultimate finding for the defendant town of Southborough, and on his subsidiary findings (a) that there had been no substantial obstruction of the culvert and (b) that such obstruction as existed had not materially contributed to the flooding of the plaintiffs' lands, is not properly before us, as the plaintiffs did not at any time file objections to those findings or, for all that appears, otherwise bring those issues to the attention of any of the judges who acted on the master's reports. *Michelson* v. *Aronson, supra,* at 192-193. 4. As to the findings relevant to the claims against the individual defendants, we emphasize that the scope of our review is the limited one set forth in *Peters* v. *Wallach,* 366 Mass. 622, 626 (1975) — the comments of the court on the cited pages of that case being particularly appropriate to the present one. That standard of review applies equally to those portions of the master's supplemental report which constitute "mixed findings of law and fact" (*Morin* v. *Clark, supra,* at 484); and, contrary to the assertions of the plaintiffs, the matter contained in paragraph 1 of the supplemental report plainly falls within that category. We perceive no conflict between the findings in that paragraph and either the findings in the original report or anything that has been called to our attention in the transcript. From those findings, read with the findings in the original report, no natural watercourse came into existence, if at all, until the surface water had flowed from the plaintiffs' lands, across the land of Coleman (not a party hereto), and onto the land of the defendants. The legal definition of "natural watercourse" is well established in Massachusetts (see *Dickinson* v. *Worcester,* 7 Allen 19, 21-22 [1863]; *Ullian* v. *Cullen,* 3 Mass. App. Ct. at 162, and cases cited), and we are not prepared to expand that definition, as urged by the plaintiffs, to include the surface water on their land (compare *Ullian* v. *Cullen, supra,* at 163). It is equally well settled that no action will lie against a landowner for the interruption of mere surface drainage from neighboring lands. *Ashley* v. *Wolcott,* 11 Cush. 192, 195-196 (1853). *Dickinson* v. *Worcester,* 7 Allen at 21-22. *Gannon* v. *Hargadon,* 10 Allen 106, 109-110 (1865). *Canavan & Manning, Inc.* v. *Freedman,* 353 Mass. 762 (1968). While a different rule applies where an owner discharges the water on his neighbor's land by a definite artificial channel (see *Kattor* v. *Sabatini,* 4 Mass. App. Ct. 835 [1976]) or where he artificially retains the water in such a way that it is deflected upon other land, there is no finding in the present case of any such artificial channelling or retention by the individual defendants. See *Maddock* v. *Springfield,* 281 Mass. 103, 104-105 (1932); *Deyo* v. *Athol Housing Authy.* 335 Mass. 459, 462-463 (1957). Contrast *Miller* v. *Darby,* 336 Mass. 243, 246-247 (1957). Nor can the plaintiffs prevail on the theory that they had acquired a prescriptive easement of drainage over the defendants' land. No such easement can arise where the water leaving the upland is mere unchannelled surface water. *White* v. *Chapin,* 12 Allen 516, 518-519 (1866). *Rathke* v. *Gardner,* 134 Mass. 14, 15-16 (1883). Here there was no finding of any channelling whatever, either natural or artificial, until after the water had left the plaintiffs' lands and traversed that of Coleman, and

the findings and conclusions in the master's supplemental report clearly import findings to the contrary. Contrast *Miller* v. *Darby, supra,* at 245.

*Judgment affirmed.*

*Arthur Goldstein* for the plaintiffs.

*James M. Sweeney* for Donald M. Campbell & another.

*Frederick A. Busconi (Jerry E. Benezra* with him) for the town of Southborough.