RAYMOND J. TUCKER & another *vs.* V. GEORGE BADOIAN (and two companion cases). December 28, 1977. The plaintiffs commenced five separate actions in the Superior Court against five defendants. Verdicts were returned for the plaintiffs, and judgments were entered against all the defendants. Although the defendants purported to consolidate all the cases on appeal, only three of the five are considered herein, as no effective appeal has been taken by Patriot Homes, Inc., or Tocco, individually. See *Tucker* v. *Patriot Homes, Inc., post,* 909 (1977). 1. The defendants Badoian and Morningside assert that the law is clear that a property owner is not liable for damages to adjoining property resulting from activities undertaken on his own property

which affect the flow of surface waters. We agree. *Gannon* v. *Hargadon,* 10 Allen 106, 109-110 (1865). *Canavan & Manning, Inc.* v. *Freedman,* 353 Mass. 762 (1968). Subterranean waters are governed by the same principles as surface waters. See *Deyo* v. *Athol Housing Authy.,* 335 Mass. 459, 463 (1957). See also *Wilkening* v. *State,* 54 Wash. 2d 692, 696-698 (1959). Accordingly, there is merit in the argument of these two defendants that even if the placing of fill on their land did cause subsurface waters to back up on the Tucker property, the established rule frees them from liability. See *Maddock* v. *Springfield,* 281 Mass. 103, 104-105 (1932), and cases cited. 2. The exception to the Gannon rule, whereby an owner is liable if he diverts surface waters onto adjoining land by means of an artificial channel or barrier, is not applicable as there was no evidence from which the jury could have concluded that there had been discharges of water onto the plaintiffs' land by a definite artificial channel or by deflection of artificially retained water. See *LaRose* v. *Campbell, ante,* 840, 841 (1977), and cases cited. Compare *Canavan & Manning, Inc.* v. *Freedman, supra.* The motions of the defendants Badoian and Morningside for directed verdicts should have been allowed. *Maddock* v. *Springfield,* 281 Mass. at 105. Contrast *Mahoney* v. *Barrows,* 240 Mass. 378, 379-380 (1922), and cases cited. 3. There was no error in the denial of the motions for a directed verdict and for judgment notwithstanding the verdict filed in behalf of Tocco, as trustee of Ronald Realty Trust. See *Pietrazak* v. *McDermott,* 341 Mass. 107, 109-110 (1960). See also *Maxwell* v. *Ratcliffe,* 356 Mass. 560, 562 (1969). There was ample evidence from which the jury could have properly concluded (as they apparently did) not only that Tocco had made the misrepresentation as to the water problem, but that all the other elements of an action for deceit were present. See Restatement (Second) of Torts § 525 (1976). See also Restatement (Second) of Torts § 552C (1976). It is well settled that the trust, as principal, is liable for the misrepresentations of its agent, Tocco, upon matters which the principal might reasonably expect would be the subject of representations. See Restatement (Second) of Agency § 258, Comment a (1957). Moreover, Tocco was (a) the president of Patriot Homes, Inc., the vendor and builder of the house, and (b) the grantor of the land as sole trustee, and the finder of fact could have declined to view Tocco's involvement in this matter as limited by the various formal roles he created for himself. See *Sandler* v. *Elliott,* 335 Mass. 576, 582-584 (1957). "The gist of the action is the fraud and deceit of the defendants, by means of false and fraudulent representations ... and not the particular form of the contract entered into by the parties." *Packard* v. *Pratt,* 115 Mass. 405, 409 (1874). 4. The judge did not err in allowing the plaintiffs' expert to testify as to the fair market value of the premises in question. As Tocco concedes, the trial judge has wide discretion in determining the qualifications of expert witnesses. *Muzi* v. *Commonwealth,* 335 Mass. 101, 106 (1956). On this record, we discern no abuse of discretion. 5. Nor did the judge err in striking the testimony of Tocco's expert, as his answer as to the fair market value of the property was so qualified by the rest of his testimony that it could not have aided the jurors' understanding of the factual issue. See and compare *Commonwealth* v. *Barras,* 3 Mass. App. Ct. 43, 46 (1975), and cases cited. Contrast *Venini* v. *Dias, ante,* 695, 696-698 (1977), and cases cited. The judgments as to Badoian and Morningside are reversed, and new

judgments are to be entered for them. The judgment as to Tocco, as trustee, is affirmed.

*So ordered.*

*William K. Mone* for George Badoian & another.

*Kevin P. Curry* (*Gerald J. Zyfers* with him) for Ronald Realty Trust.

*Kevin P. Phillips* (*Frank J. McGee* & *Francis P. McDermott* with him) for the plaintiffs.