MIRIAM W. O'DAY vs. HAROLD ALAN THERAN
& another.[1]

Norfolk.    March 20, 1979. — May 22, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

Contract, Assignment. Practice, Civil, Indemnification of one wrong-
fully enjoined.

Where a plaintiff and her husband entered into a letter agreement
with the defendants concerning financing of the production and
marketing of a sailboat and nothing in the agreement provided for
employment of the plaintiff's husband in connection with such pro-
duction, any compensation under an employment contract between
the plaintiff's husband and the corporate assignee of the defend-
ants' rights and obligations under the agreement was the responsi-
bility of the corporation and not the defendants personally. [624]
Where a letter agreement between a corporation and two individuals
concerning financing of the production and marketing of a sailboat
provided that the individuals might assign their rights and related
obligations under the agreement, the individuals were not required
to solicit the corporation's participation in a novation with their
corporate assignee. [624]
The judge in a civil action did not err in ordering the plaintiff to remit
to the defendants' attorney $3,000 which had been deposited as
security for any injury suffered by the defendants as a result of
having been wrongfully enjoined from foreclosing on the plaintiff's
property where the plaintiff's counsel had agreed in open court that
the $3,000 should be placed in the hands of the defendants' attorney
pending the outcome of collateral litigation between the same par-
ties. [625]

CIVIL ACTION commenced in the Superior Court on Feb-
ruary 25, 1977.

The case was heard by Lynch, J., on a master's report.

Thomas S. Grilk for the plaintiff.

[1] Philip C. Ehlinger.

*Donald G. Paige* for the defendants.

KASS, J. We draw our facts from a master's subsidiary findings, which are binding upon us unless they are clearly erroneous, mutually inconsistent, contradictory, or vitiated in view of the controlling law. Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). *Selectmen of Hatfield* v. *Garvey*, 362 Mass. 821, 825 (1973). *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 190 (1976). On April 22, 1974, Gemico Corporation (Gemico), a corporation which the plaintiff and her husband, George D. O'Day (O'Day), controlled, entered into a letter agreement with the defendants concerning financing of the production and marketing of a class of twelve-foot sailboat to be known as the "Chipmunk." Section four of that letter agreement reserved the right to the defendants to "assign all or any part of our rights and their *related obligations* under it to any other person, including, without limitation, a corporation" (emphasis supplied). On July 18, 1974, the defendants made the assignment of rights and obligations contemplated in the letter agreement to a corporation called Inter-Marine Corporation (Inter-Marine).

About the time the letter agreement was signed there were discussions between the defendants and O'Day concerning the employment of O'Day as a marine consultant in connection with manufacturing the Chipmunk. Several drafts of employment agreements were drawn, but O'Day found the terms unacceptable and refused to sign the drafts offered. To the extent an employment contract with O'Day was contemplated, it was to be the responsibility of the corporation to be formed. There was no promise by the defendants that they would guarantee any obligations of Inter-Marine to O'Day. Inter-Marine did, in fact, pay O'Day $24,450 for consultant services in fourteen separate payments.

The plaintiff now seeks to recover, from the defendants personally, $25,050 under the alleged employment contract and $8,000 under the defendants' letter agreement with Gemico. The plaintiff is the assignee of O'Day's

rights under the former and the assignee of Gemico's rights under the latter. We hold, as did the judge below, that she is not entitled to recover.

1. Since whatever obligations to pay compensation under the employment contract were at all times the burden of Inter-Marine, the plaintiff can draw no comfort from the authorities she marshalled (*Winchester* v. *Howard*, 97 Mass. 303 [1867]; *Boston Ice Co.* v. *Potter*, 123 Mass. 28 [1877]; 3 Williston, Contracts § 411 [3d. ed. 1960]) for the proposition that an "assignment" of contractual rights, as distinguished from a "delegation" of contractual rights, does not relieve the assignor of obligations.

2. As to the obligations under the letter agreement, which the plaintiff derived from Gemico, the plaintiff's reliance on the authorities cited above and on the elements of a novation in *King* v. *American Powder Co.*, 290 Mass. 464, 467 (1935), is similarly misplaced. By its terms, the parties to the letter agreement provided that the defendants might assign their "rights and their related obligations." There was, therefore, no need on the part of the defendants to solicit, let alone obtain, Gemico's participation in a novation with Inter-Marine.

3. We need not consider whether (a) it was necessary for the defendants to plead assignment of the letter agreement to Inter-Marine as an affirmative defense or (b) whether a new trial should be ordered because an event occurred during the master's hearing which was prejudicial to the plaintiff.[2] The plaintiff did not bring those issues to the attention of the master or the judge who acted on the master's report. *Michelson* v. *Aronson*, 4 Mass. App. Ct. at 192-193. *LaRose* v. *Campbell*, 5 Mass. App. Ct. 840 (1977). *King* v. *Allen*, 5 Mass. App. Ct. 868 (1977).

---

[2] While O'Day was testifying before the master, two police officers of the town of Dover turned up and announced their intention to arrest O'Day on a complaint unrelated to the controversy being heard by the master.

4. The plaintiff urges on appeal that the judgment improperly required remittance of $3,000 paid into court, plus interest accrued thereon, to the defendants' attorney. The plaintiff had paid these funds into court contemporaneously with a stipulation that the defendant Theran would be restrained from foreclosing or assigning a mortgage given by the plaintiff to Theran. Presumably this money was deposited as security for the payment of such costs and damages as may have been incurred or suffered by the defendant Theran by reason of having been wrongfully enjoined or restrained. Mass.R.Civ.P. 65(c), 365 Mass. 833 (1974). The purpose of the security is to assure indemnification for the costs (usually not including attorneys' fees) and pecuniary injury that may accrue during the period of the injunction which ultimately, as here, was found to have been wrongfully issued. *Lever Bros.* v. *International Chem. Wkrs. Union,* 554 F.2d 115, 120 (4th Cir. 1976), 11 Wright & Miller, Federal Practice and Procedure § 2954 (1973). In the instant case, however, counsel agreed in open court that the $3,000 should be placed in the hands of the attorney for the defendant Theran. He in turn was to apply the funds in accordance with the outcome of collateral litigation pending in Norfolk County between the same parties.[3] There was, therefore, no error in ordering payment of the entire $3,000 to Theran's attorney.

*Judgment affirmed.*

---

[3] The record is incomplete on this point. The plaintiff's lawyer on appeal was not her lawyer at the time of trial. The information concerning the stipulation comes to us from the trial judge in response to an order from us requesting clarification.