NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-717

RITA M. BATTLES

vs.

ANTHONY TAM & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In connection with a dispute over two abutting Milton properties separated by a stockade fence, the plaintiff, Rita Battles, filed a complaint in the Superior Court asserting claims of trespass and nuisance against her neighbors, Anthony Tam and Katharine Bui, and the defendants counterclaimed. Following a jury-waived trial, a judge issued a judgment in favor of the plaintiff in the amount of $37,398.24 on the complaint and issued a separate judgment in favor of the plaintiff on the defendants' counterclaims.  The defendants appeal.  We affirm.

_____

    [1] Katharine Mui.

Background. 1. Plaintiff's case. The plaintiff had lived in her home for twenty-eight years, maintained "beautiful lawns," and never changed the contour of the land which lies at the foot of the Blue Hills. Her neighbors, the defendants, "dug out" an adjacent lot that is significantly below the elevation of the plaintiff's property. The plaintiff's stockade fence ran along her property and divided it from the defendants' property. After encountering problems with surface water flowing from the plaintiff's property, under her fence, and onto their property, the defendants attached boards to the bottom of the fence and undertook additional blocking measures to divert the flow of water. These blocking measures caused water to back up onto the plaintiff's yard, turning it into a "lake" every time it rained. Moss covered the plaintiff's yard and portions of the fence rotted and collapsed.

2. Defendants' case. After the defendants purchased the adjacent lot in 2015, they began building a residence by changing the landscape grade, removing trees, and excavating for a foundation. Sometime after completing construction, the defendants noticed that during rainstorms surface water drained from the plaintiff's property, beneath the stockade fence, and onto their property. The defendants decided to divert the water by blocking the opening at the bottom of the fence between the properties with wooden boards and putting bags of mulch along

2

the fence. Additional evidence showed that portions of the plaintiff's fence encroached on the defendants' property and that damage to the fence was caused by age and New England weather conditions.

Discussion. Pursuant to Rule 20(2)(h) of the Rules of the Superior Court (2018) (rule 20), "the parties waived their right to a jury trial and to detailed written findings of fact and rulings of law" (quotation omitted). K & K Dev., Inc. v. Andrews, 103 Mass. App. Ct. 338, 344 (2023). "Accordingly, appellate review is conducted according to the same standard as that applied to a judgment entered following a jury verdict." Id., citing rule 20(8)(b). "We therefore review to determine whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (quotation and citation omitted). K & K Dev., Inc., supra.

We disagree with the defendants' assertion that the evidence failed to show that their conduct caused any harm that could result in liability for trespass or nuisance. The testimony, exhibits, and reasonable inferences allowed the judge to conclude that the defendants intentionally diverted surface water from entering their property and caused it to pool like a "lake" on the plaintiff's property every time it rained.

3

Evidence also showed that this condition, created by the defendants over the plaintiff's protests, eventually destroyed the plaintiff's lawn and damaged her fence. See Tucker v. Badoian, 376 Mass. 907, 913 (1978) (liability may arise "from accumulating channelled water and allowing it to back up onto the land of another"); Mahoney v. Barrows, 240 Mass. 378, 380 (1922) (liability arises where defendant "retain[s] the surface water, by means of a dam" and allows it to "flow[] back upon the plaintiff's land"); Gillis v. Uxbridge, 103 Mass. App. Ct. 100, 105 (2023) (nuisance may be shown by evidence that defendant caused surface water to pool "and continue onto the plaintiffs' property"); Krasnecky v. Meffen, 56 Mass. App. Ct. 418, 424 (2002) ("landowner who sets in motion a force which, in the usual course of events, will damage the property of another is guilty of a trespass on such property" [citation omitted]). Based on this evidence, the judge, as fact finder, could conclude that the defendants caused substantial and unreasonable damage to the plaintiff's property by damming the water and causing it to flood and damage her yard and fence. The plaintiff was entitled to receive damages in the amount equivalent to the cost "of repairing the injury," Rattigan v. Wile, 445 Mass. 850, 861 (2006), as indicated by the estimates provided. The judge was not required to credit any of the defendants' evidence to the contrary.

4

We also disagree with the defendants' contention that the judge erred in issuing a judgment for the plaintiff on the counterclaims. They contend that the undisputed evidence showed both a trespass and a nuisance that resulted from the plaintiff's fence encroaching on their property and the "unnatural" flow of water from the plaintiff's property. The weight and credibility of this evidence, however, "was well within the province of the judge's role as fact finder in this jury-waived trial," and we do not second-guess that assessment on appeal. Goddard v. Goucher, 89 Mass. App. Ct. 41, 49 (2016).

Finally, the defendants argue for the first time on appeal that the special verdict slip was defective because it did not set forth each element of continuous trespass and nuisance as required by rule 20. See rule 20(8)(a) ("judge shall, at a minimum, answer special questions on the elements of each claim, at a level of detail comparable to a special jury verdict form"). The parties, however, jointly prepared the verdict slips and consented to their use. Because they consented to the procedure followed by the judge and raised no objection at trial, the defendants have waived this argument on appeal. See Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("issue not raised or argued below may not be argued for the first time on appeal"); Motsis v. Ming's Supermkt., Inc., 96 Mass. App. Ct.

5

371, 383 (2019) ("objection to the form of a verdict slip must be timely raised").

                                        Judgments affirmed.

                                        By the Court (Singh,
                                          D'Angelo & Hodgens, JJ.[2]),

                                        *Paul Little*

                                        Clerk

Entered:  August 18, 2025.

---

[2] The panelists are listed in order of seniority.